**Dominic SABBIA, Claimant–Appellant,**

v.

**Eric K. SHINSEKI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 2010–7025.

United States Court of Appeals, Federal Circuit.

March 23, 2010.

Dominic Sabbia, Chicago, IL, pro se.

Jessica R. Toplin, Department of Justice, Washington, DC, for Respondent–Appellee.

Before MICHEL, Chief Judge, FRIEDMAN and LINN, Circuit Judges.

ON MOTION

*ORDER*

PER CURIAM.

The Secretary of Veterans Affairs moves to dismiss Dominic Sabbia's appeal from the United States Court of Appeals for Veterans Claims' judgment in *Sabbia v. Shinseki*, 09–697, for lack of jurisdiction.

On February 24, 2009, Sabbia filed a notice of appeal with the Court of Appeals for Veterans Claims. Sabbia asserted that he was seeking review of a February 19, 2009 Board of Veterans' Appeals decision. The Court of Appeals for Veterans Claims held that the Board had not issued a February 19, 2009 decision and that therefore it lacked jurisdiction over Sabbia's appeal. 38 U.S.C. § 7266(a). Although that court had not entered judgment by the date that the court received Sabbia's notice of appeal seeking review by this court, it treated the document as filed on the date that it entered judgment, i.e., August 11, 2009.

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. *See Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

The issue in this case is whether the Board of Veterans' Appeals had issued a final decision. That issue is a factual issue beyond this court's jurisdiction. Thus, this appeal must be dismissed.*

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to dismiss is granted.

(2) Each side shall bear its own costs.

---

\* The Secretary asserts that the appeal should be dismissed because the Court of Appeals for Veterans Claims had not entered judgment before Sabbia filed his notice of appeal. As noted above, the Court of Appeals for Veterans Claims treated the notice of appeal as being filed on the date that it entered judgment. In any event, because we dismiss this appeal for lack of jurisdiction on a different ground, we need not address the additional issue raised by the Secretary.